UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PHILPOTT,<br><br>      Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>      Defendants. | CASE NO. 1:14-cv-1766-LJO-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER, FAILURE TO FILE APPLICATION TO PROCEED IN FORMA PAUPERIS, AND FAILURE TO PAY FILING FEE**<br><br>**(ECF No. 7)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On November 20, 2014, the Court ordered Plaintiff to submit an application to proceed in forma pauperis on the appropriate form, or to submit the $400 filing fee within thirty days. (ECF No. 7.) The thirty day deadline passed without Plaintiff either filing an application to proceed in forma pauperis, paying the $400 filing fee, or seeking an extension of time to do so.

      Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may

impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions

of little use.

   Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either file an application to proceed in forma pauperis on the appropriate form, pay the $400 filing fee in full, or show cause as to why this action should not be dismissed without prejudice for failure to comply with the Court's order (ECF No. 7);

2. If Plaintiff fails to show cause, file an application to proceed in forma pauperis, or pay the $400 filing fee in full, the undersigned will recommend that the action be dismissed without prejudice for failure to obey a court order; and

3. The Clerk's Office shall send to Plaintiff the attached form for application to proceed in forma pauperis **for a non-prisoner.**

IT IS SO ORDERED.

 Dated: February 3, 2015   /s/ *Michael J. Seng*
              UNITED STATES MAGISTRATE JUDGE